1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| G&G CLOSED CIRCUIT EVENTS, LLC, | CASE NO. C18-1295JLR |
|---|---|
| Plaintiff, | ORDER ON STIPULATED MOTION |
| v. | |
| SINGLE, LLC, et al., | |
| Defendants. | |

Before the court is the parties' stipulated motion to amend the case schedule. (Mot. (Dkt. # 17).)  The parties seek a five-month extension of their June 1, 2020, trial date, and corresponding five-month extensions to all remaining unexpired pretrial deadlines and three deadlines that have already expired—the dispositive motions deadline, the settlement conference deadline, and the motions *in limine* deadline.[1]  (*See*

---

[1] Although the motion does not mention the parties' deadline for filing motions *in limine* (*see generally* Mot.), because the motion requests extensions to the dispositive motions deadline,

ORDER - 1

*id.* at 2; *see also* Sched. Order (Dkt. # 16) at 1-2.)  The parties allege that Western District of Washington General Order No. 07-20, which continues all civil trials scheduled to occur before July 1, 2020, *see* W.D. Wash. Gen. Order 07-20 (Apr. 13, 2020), requires that the court continue the parties' June 1, 2020, trial date.  (*See* Mot. at 3.)  The parties also argue that adverse impacts resulting from the COVID-19 pandemic provide good cause for resetting the remaining expired and unexpired pretrial deadlines.  (*See id.* at 2-3.)  The court has considered the stipulated motion, the relevant portions of the record, and the applicable law.  Being fully advised, the court GRANTS in part and DENIES in part the motion.

Pursuant to General Order No. 07-20, the court will vacate the parties' June 1, 2020, trial date and the remaining unexpired pretrial deadlines in this case.  The court intends to reset trial dates and pretrial deadlines for trials continued due to General Order No. 07-20 to the end of the trial calendar, but also to advance those trial dates to openings in the court's calendar where possible, keeping in mind that criminal trials must take priority due to criminal defendants' Speedy Trial Act rights.  *See* 18 U.S.C. §§ 3161-3174; Fed. R. Crim. P. 50 ("Scheduling preference must be given to criminal proceedings as far as practicable.").  Given the rapidly changing nature of the COVID-19 pandemic and the uncertainty it creates, at this time the court is vacating pretrial deadlines and trial dates that are continued by General Order No. 07-20 rather than resetting case schedules.  The court advises the parties, however, that due to the ongoing

---

the court assumes that the failure to request an extension for motions *in limine* was an inadvertent oversight.

ORDER - 2

impact of the COVID-19 pandemic and the court's busy trial calendar, the court estimates that it may not be able to hold a jury trial in this matter until fall or winter of 2021.  Thus, the court requests that the parties consider whether this matter would be appropriate for a bench trial conducted in whole or in part by videoconference, which would likely allow the court to hold the parties' trial at an earlier date.  If the parties are willing to consent to such a proceeding, the parties should so inform the court by filing a stipulation to that effect at their earliest convenience.

Although the court has little difficulty with the decision to vacate the parties' trial date and remaining unexpired deadlines pursuant to General Order No. 07-20, resetting expired deadlines presents a more difficult question.  The dispositive motions deadline expired more than two months ago, the settlement conference deadline expired over a month ago, and the parties are now more than two weeks past their deadline to file motions *in limine*.  (*See* Sched. Order at 1-2.)  The court issues scheduling orders setting trial and related dates to provide a reasonable schedule for the resolution of disputes.  Pursuant to Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may only be modified for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "Good cause" for purposes of Rule 16 focuses on the diligence of the party seeking to modify the pretrial scheduling order.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992).  Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999).  In part, the "good cause" standard requires the parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [the

1 parties'] diligent efforts to comply, because of the development of matters which could

2 not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling

3 conference . . . ." *Id.* at 608. Further, the court's scheduling order states that the dates are

4 "firm" and that "[t]he court will alter these dates only upon good cause shown." (Sched.

5 Order at 2.)

6       The parties' good cause showing for failing to comply with the case schedule is

7 marginal, at best. The parties identify the COVID-19 pandemic as the cause of missed

8 deadlines, but they fail to identify any specific difficulties that COVID-19 created that

9 prevented them from drafting dispositive motions or motions *in limine* or from

10 participating in a settlement conference. (*See* Mot. at 3-4.) Alleging that COVID-19

11 creates scheduling challenges—without specifying what those challenges are or

12 providing additional grounds for schedule relief—does not constitute good cause to

13 modify a case schedule. Moreover, the deadline at the center of the parties' motion—the

14 dispositive motions deadline—expired March 3, 2020, before the court began issuing

15 General Orders regarding COVID-19 and before the Governor of Washington issued a

16 stay-at-home order. *See* W.D. Wash. Gen Order 01-20 (dated March 6, 2020);

17 https://www.governor.wa.gov/news-media/inslee-announces-stay-home-stay-

18 healthy%C2%A0order (last visited May 7, 2020) (announcing Washington's "Stay

19 Home, Stay Healthy" order on March 23, 2020). The parties make no effort to explain

20 why this court's General Orders or the Governor's stay-at-home order impacted deadlines

21 that expired before those orders were in place. (*See generally* Mot.)

22 //

Nevertheless, the court recognizes that General Order No. 07-20 yields an unavoidable multi-month extension to the trial deadline in this case that provides the parties and the court with additional time to prepare this case for trial.  Further, the court takes the parties at their word that dispositive motions practice "could limit the issues before the [c]ourt and preserve judicial resources at trial." (*See id.* at 3.)  Accordingly, the court concludes that there is good cause for a limited extension to the dispositive motions, settlement conference, and motions *in limine* deadlines in this case.

In sum, the court GRANTS in part and DENIES in part the parties' stipulated motion.  The court VACATES the parties' June 1, 2020, trial date and all remaining unexpired deadlines in the parties' case schedule.  The court also DIRECTS the Clerk to reset (1) the dispositive motions deadline to May 29, 2020; (2) the settlement conference deadline to June 12, 2020; and (3) the motions *in limine* deadline to June 26, 2020.

Dated this 11th day of May, 2020.

JAMES L. ROBART
United States District Judge